CHARLES FONDA *v.* JAMES GARLAND et al. and DANIEL WEAVER.

*A broker employed to sell a note, has an implied authority to guarantee it in the name of the vendor: yet, if he do not guarantee it, the vendor is not liable in case of its non-payment.*

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Durant* and *Horner*, for plaintiff. *Stansbury*, for defendant. By the court:

ROST, J. The defendant, *Weaver*, in giving his broker, for sale in the market, the note of *James Garland*, endorsed by *J. W. Kirkland*, authorized him to guarantee it in his name. This was not mentioned to *Fonda*, who purchased it; and, as he took it without the guarantee, it seems to us that it is too late, after protest, to claim the benefit of a promise which forms no part of his contract.

It is true, as observed by the district judge, that there is reason to believe from the evidence, that *Weaver* knew the endorser and drawer of the note to be under protest at the time he sold it. But, they might be under protest without being insolvent; and there is no evidence of their insolvency in the record. It is shown, on the contrary, that a large quantity of movables has been taken under the plaintiff's execution, as the property of one of them.

But, if it was proved that the parties to the note were insolvent at the time of the transfer, to the knowledge of *Weaver*, the only action which could be sustained upon that state of facts is an action for the rescision of the contract and the restoration of the price paid. Civil Code, 2619.

The judgment in favor of the plaintiff is reversed and the petition dismissed, with costs in both courts.